Church, Ch. J.
The question is, whether a surety upon a bond, given by an assignee, under a voluntary assignment for the benefit of creditors, in pursuance of the statute (Laws of 1860, chap. 348), is liable for the default of the principal to *158 account for assets in his hands, upon judgments in favor of certain creditors, declaring the assignment void as to them, and directing the assignee to pay over the funds in his hands, to apply on the same. We concur with the court below, that the surety is not liable; and we concur substantially with the views of Daniels, J., who delivered the opinion; and it is, therefore, unnecessary to elaborate the reasons for this con elusion. It is a familiar rule that sureties can only be charged when the case is brought within the very terms of their contract (5 Hill, 635); and that the obligation of sureties is not to be extended by construction to embrace purposes and objects not contemplated by the parties. (11 N. Y., 598.) The evident .purpose of the statute was to secure a faithful performance of the duties of trustee under the assignment. The assignment, if valid, placed the property beyond the reach of the ordinary process of courts; and it was to give creditors security for it in that condition, that the act of 1860 was passed. The various sections of the statute read, in connection, are capable of no other construction. Section 1 provides for the acknowledgment of the assignment; section 2 for a list of creditors and inventory «of the estate, properly verified; section 3 .provides for the bond, “ conditioned for the faithful discharge of the duties of such assignee or assignees, and for the due accounting of all moneys received by such assignees.” The duties which the surety agreed should be faithfully discharged are those which devolved upon him by the assignment, and were incident to the relation which that instrument created, and the accounting required is that provided for by the act. Section 4 provides for an accounting before the county judge; section 5 declares when the bond may be prosecuted; and considerable reliance is placed upon the language of this section ; it is : “ Whenever any such assignee or assignees shall omit, or refuse to perform any decree or order made against him or them, by a judge or court having jurisdiction, to compel the payment of any debt out of such trust fund,” the bond may be prosecuted, etc. This language clearly refers to the order or decree provided *159 for in the fourth section, to be made by the county judge on accounting, or by an appellate court, upon the appeal from such order or decree. The word “judgment” is not used; and as orders and decrees are specially provided for in the fourth section, it is presumed that the use of these words in the fifth section referred to such orders and decrees as the previous section authorized. However this may be it is quite evident, whatever court may make the order or decree it must be one to enforce the-duty of the assignee under the assignment. The statute was intended to protect the interests of creditors under valid assignments made for their benefit, and creates the. requisite machinery for accomplishing that object; and to that end it should be fairly and liberally construed; but it was not intended to secure the payment of assets upon judgments obtained in hostility to the assignment. The judgments obtained in behalf of the creditors prosecuting the bond declared the assignment void for fraud. As to them the assignment was a nullity, and the judgments obtained by them are conclusive. It follows that they were not and could not be prejudiced by the assignment. It never for an instant placed the property beyond the reach of legal process. They might have levied upon it by execution, and the process of injunction, and the appointment of a receiver were open to them. The remedies of creditors against a void assignment were ample, and no necessity existed for the intervention of the legislature for the purpose of adding to them. The evil was the misapplication of funds and delays and improper practices under a valid assignment; and it was to guard against this evil that the act was passed.
The defendant contracted that De Camp should faithfully discharge his duties as assignee under the assignment. He would probably be liable, although it might appear that some of the debts provided for were' paid, or were fictitious, and hence that the particular objects of payment might be varied. Such variations might well be regarded within the contemplation of the parties if the trust was valid and operative. *160 But it is sought to hold the defendant to a liability which it is impossible to presume was in the minds of the parties. It cannot be presumed that they anticipated the -abrogation of the trust. The assignee, De Camp, was in effect a preferred creditor to a considerable amount, and to this extent the obligation was to secure his fidelity to himself. This circumstance serves to illustrate the nature of the contract, for the performance of which the defendant became liable; it was that De Camp should faithfully carry out the provisions of that instrument, not that he would, at any distant period, answer for the assets upon a judgment obtained annulling the assignment and holding the assignee liable to account as the wrongful possessor of property. Such a liability was not within the purview of the act of the legislature, and not within the contemplation of the parties, and is quite different from the one incurred. The error of the learned counsel for the appellant is in supposing that the statute was intended to secure an accounting by the assignee, in any event, of the assets which came to his hands, instead of a faithful discharge of duty under the assignment. These views distinguish the case from those cited. The case of People v. Vilas (36 N. Y., 459) involved the liability of a surety upon an official bond, and the court held that the sureties were not discharged because the legislature imposed additional duties of a character similar to those already possessed, and that the bond was executed subject to the exercise of this power, and hence that it was a part of the contract. It has no application to this case. The power of the courts to declare assignments void, is foreign to the purposes of the act and outside of the contract. Nor is it material that the assignment was not set aside as to all the parties, in form. As to these creditors it was abrogated, and their decree is not for De Camp to account as assignee under the assignment, but upon the idea that there was no such instrument; and'they cannot change their own position by setting up that other parties are not bound. But, in reality, the assignment is annulled as to all parties. The decree calls for all and more than the amount remaining in *161 the hands of the assignee; and the practical effect of it is to establish the invalidity of the assignment for all purposes. The liability of sureties upon an administrator’s bond in case of revocation, and order to account to a successor, is not analogous. There the condition is for the fidelity of the principal, and that he will obey all orders of the surrogate ; there the liability is within the contract; here it is not. It is unnecessary to refer to the other authorities cited. The construction of the statute above indicated places this case beyond the reach of any of them, for the reason that the liability sought to be enforced is not embraced in the defendant’s contract.
The judgment must be affirmed.
All concur.
Judgment affirmed.